IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JACK WADE WARREN, #13477-077,  )
                                )
            Plaintiff,          )
                                )
vs.                             )   Case No. 11-cv-149-JPG
                                )
UNITED STATES, FEDERAL BUREAU   )
of PRISONS, *et al.*,           )
                                )
            Defendants.         )

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter comes now before the Court on Plaintiff's Petition for Order of Injunction (Doc. 1). Plaintiff has not filed a Complaint. His petition requests this Court to order an "immediate permanent injunction" for the Defendants' alleged violation of the Internal Revenue Code provisions at 26 U.S.C. § 7213A and § 7214(a)(1). Section 7213A prohibits the unauthorized inspection of Internal Revenue return information and sets criminal penalties for any willful violation. Section 7214(a)(1) provides for the dismissal from office and criminal penalties for a revenue officer or agent who is found guilty of extortion or willful oppression under color of law.

The Court is unaware of any authority allowing a private cause of action to be brought for an alleged violation of the statutes Plaintiff cites. Moreover, the proper way to commence a civil action is to file a complaint. FED. R. CIV. P. 3. The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The Court will allow the Plaintiff an opportunity to cure the defects in his pleading by filing a

complaint within 30 days of the entry of this order.

Plaintiff's Petition, which requests an "Order for an immediate permanent injunction" to prevent the Defendants and their agents from inspecting Plaintiff's communications with the Internal Revenue Service or his tax return information, essentially demands the entry of a preliminary injunction (Doc. 1).  In considering whether to grant injunctive relief, a district court is obligated to weigh the relative strengths and weaknesses of a plaintiff's claims in light of a five-part test that has long been part of the Seventh Circuit's jurisprudence. Specifically, a plaintiff must establish: (1) that there is a reasonable or substantial likelihood that he would succeed on the merits; (2) that there is no adequate remedy at law; (3) that absent an injunction, he will suffer irreparable harm; (4) that the irreparable harm suffered by plaintiff in the absence of the injunctive relief will outweigh the irreparable harm that defendants will endure were the injunction granted; and (5) that the public interest would be served by an injunction.  *Teamsters Local Unions Nos. 75 and 200 v. Barry Trucking*, 176 F.3d 1004, 1011 (7th Cir. 1999).

Without expressing any opinion on the ultimate merits of Plaintiff's claim for relief, the Court is of the opinion that a preliminary injunction should not be issued in this matter at this time.  Plaintiff's allegations do not set forth specific facts demonstrating the likelihood of immediate and irreparable harm, nor do they meet any of the other criteria outlined above.

**IT IS THEREFORE ORDERED** that the request for issuance of a preliminary injunction is **DENIED**.

**IT IS FURTHER ORDERED** that, should he wish to further pursue this action, Plaintiff shall file a complaint within **30 days** of the entry of this order **(no later than April 6, 2011)**. Failure to file a complaint as ordered shall result in dismissal of this action pursuant to Federal

Rule of Civil Procedure 41(b).

The Clerk is **DIRECTED** to mail to Plaintiff a Civil Rights Complaint form and the "Instructions for Filing a Pro Se Civil Complaint for Civil Rights Violations or Other Civil Claims Filed by a Person in Custody."

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **seven (7) days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED.R.CIV.P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 7, 2011**

    *s/J. Phil Gilbert*
**United States District Judge**